Federal courts seeking to divine state law and lower state courts are also not in accord. Compare McKenzie v. Farmers Ins. Exch., 260 F.Supp.3d 1150, 1153-54 (D.S.D. 2017) (South Dakota law); Brown v. Travelers Cas. Ins. Co. of Am., 2016 WL 1644342, at *3-5 (E.D. Ky. Apr. 25, 2016) (Kentucky law); Lains v. Am. Family Mut. Ins. Co., 2016 WL 4533075, at *2 (W.D. Wash. Feb. 9, 2016) (Washington law) (all finding labor depreciation not permitted or that alleged wrongful depreciation of labor cost stated a claim) with Graves v. Am. Family Mut. Ins. Co., 686 Fed.Appx 536, 540 (10th Cir. 2017) (Kansas law); Ware v. Metro. Prop. & Cas. Ins. Co., 220 F.Supp.3d 1288, 1290-91 (M.D. Ala. 2016) (Alabama law); Papurello v. State Farm Fire & Cas. Co., 144 F.Supp.3d 746, 768-69 (W.D. Pa. 2015) (Pennsylvania law) (all finding labor depreciation permitted).
Furthermore, because of the uncertainty in the law, numerous federal courts have certified the legal question their respective state supreme courts. In fact, the decisions in Adams, Wilcox, Henn, and Redcorn, which determined the state law in Arkansas, Minnesota, Nebraska, and Oklahoma, respectively, all arose from certified questions.
*927 Likewise, in this case, the Court finds it prudent to certify the question, particularly because the issue is not confined to the litigants presently before the Court and potentially impacts thousands of insured and an unknown number of insurers. A wrong answer " 'is no small matter, especially since a federal court's error may perpetuate itself in state courts until the state's highest court corrects it.' " Haley, 188 S.W.3d at 521 (quoting Scott v. Bank One Trust Co., 62 Ohio St.3d 39, 577 N.E.2d 1077, 1080 (1991) ); see Renteria-Villegas, 382 S.W.3d at 320 (Tenn. 2012) ("Rather than requiring a federal court to make the law of this state or to abstain from deciding the case until the state courts resolve the point of law, answering certified questions from federal courts promotes judicial efficiency and comity and also protects this state's sovereignty.")
C. Question to be Certified
Plaintiffs' request the following question be certified:
Under the actual cash value terms and conditions of the two insurance policies at issue, may an insurer withhold a portion of repair labor as "depreciation" when making an ACV payment?
(Doc. No. 46 at 1). In response, Auto-Owners proposes the following question:
Is an insurer prohibited by Tennessee law from deducting the estimated pre-loss depreciation in a structural property's economic value from the estimated cost of labor to repair or replace the property when estimating the property's pre-loss "actual cash value" under an insurance policy that does not define ACV, explains that ACV "includes a deduction for depreciation," or provides that ACV is calculated as the cost of repair or replacement less "the amount of depreciation applicable to the damaged property immediately prior to loss"?
(Doc. No. 53 at 8).
Of the two, Plaintiffs' proposal has virtue in its simplicity, although a little more detail as suggested by Auto-Owners is appropriate to account for the specific language at issue. Having considered the parties' submissions, the Court will certify the question as follows:
Under Tennessee law, may an insurer in making an actual cash value payment withhold a portion of repair labor as depreciation when the policy (1) defines actual cash value as "the cost to replace damaged property with new property of similar quality and features reduced by the amount of depreciation applicable to the damaged property immediately prior to the loss," or (2) states that "actual cash value includes a deduction for depreciation"?
Obviously, the Tennessee Supreme Court is free to "exercise [its] discretion to reframe the Rule 23 certified question before [it] so as to provide the guidance actually sought." Shorts v. Bartholomew, 278 S.W.3d 268, 280 n.13 (Tenn. 2009) ; see Allmand v. Pavletic, 292 S.W.3d 618, 625 (Tenn. 2009) ("It may, at times, be necessary to slightly expand or restrict the scope of the question posed to the Court in order to further the interests of judicial efficiency, comity, and federalism that underlie our inherent judicial power to answer certified questions.").
III. Remaining Motions
Auto-Owners has filed a Motion to Dismiss (Doc. No. 35), arguing that the Complaint fails to state a claim because, "[u]nder well-established in Tennessee and elsewhere...the cost approach to calculating ACV is widely accepted and consistent with Tennessee's adoption of the broad evidence rule," and "because Plaintiffs *928 claim relies on a purported labor-depreciation prohibition that does not exist in Tennessee law[.]" (Doc. No. 36 at 2 & 10). These grounds are inextricably linked to the question to be certified and, as such, the Motion will be denied without prejudice to refiling after the certification process has concluded.
Plaintiffs' Motion for Class Certification (Doc. No. 27) is also connected to the question to be certified because Plaintiffs seek to represent a class of insured who received actual cash value payment that depreciated labor cost. That motion, too, will be denied without prejudice.
This leaves Plaintiffs' Motion to Resolve Class Certification Issue Before or at Least Simultaneously With, a Ruling Any of the Dispositive Legal Issues Presented (Doc. No. 32). At this point, the Court is simply reserving ruling on Auto-Owner's Motion to Dismiss pending a decision by the Tennessee Supreme Court should it accept certification. Regardless, the Sixth Circuit has "consistently held that a district court is not required to rule on a motion for class certification before ruling on the merits of the case." Miami Univ. Wrestling Club v. Miami Univ., 302 F.3d 608, 616 (6th Cir. 2002). The Court will decide the order in which to address the Motion for Class Certification and the Motion to Dismiss after the certification process has concluded.[2]
In their reply brief, Plaintiffs also ask the Court to decide the class certification issue before certifying the question, arguing that the Tennessee Supreme Court is more likely to answer the question if this case is already certified as a class. Whether that is true, the Court has no way of knowing, particularly because the potential statewide ramifications of the question are made abundantly clear in both this decision and the Order Certifying Question. Further, Plaintiffs' argument neglects to consider that the "rigorous analysis" required by Rule 23 of the Federal Rules of Civil Procedure, "often overlaps with the merits of the plaintiff's underlying claim" because it "generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." Comcast Corp. v. Behrend, 569 U.S. 27, 32, 133 S.Ct. 1426, 185 L.Ed.2d 515 (2013). That rigorous analysis cannot be conducted without considering how Tennessee law would treat Plaintiffs' theory that labor costs cannot be depreciated.
Finally, and as Auto-Owners points out, Plaintiffs do not "explain why it would be most efficient for the Court to decide class certification based on its prediction of what the Tennessee Supreme Court would hold on the labor-depreciation question, when the Supreme Court could answer that question itself. That would resolve the question definitively, not just for the putative class, but for all Tennessee policyholders and insurers with policies like those here." (Doc. No. 43 at 34).
IV. Conclusion
On the basis of the foregoing, Plaintiffs' Motion for Certification of Question to the Tennessee Supreme Court (Doc. No. 46) will be granted, but their Motion to Resolve Their Pending Motion for Class Certification Before, or at Least Simultaneously with, a Ruling on any Dispositive Legal Issues (Doc. No. 27) will be denied.
*929 Plaintiffs' Motion to Certify Class (Doc. No. 32) and Auto-Owners' Motion to Dismiss (Doc. No. 35) will be denied without prejudice to refiling after the certification process has been completed.
An appropriate Order will enter.

Insofar as Plaintiffs request an extension of time of "at least six months" within which to file a further request for class certification (Doc. No. 27 at 5) given Local Rule 23.01(b)'s requirement that a motion for class certification be filed within sixty day of the filing of a class action complaint, the same is also denied. This does not prohibit Plaintiffs from seeking leave to file a further request for class certification, if appropriate, after the certification process has run its course.